UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA            ) | |
|                                                                )  | |
| v.                                                             ) | Crim. No. 03-105-P-H |
|                                                                ) | |
| ERIKA O'LEARY,                              ) | |
|                                                                ) | |
|             **Supervised Releasee**         ) | |

**ORDER**

This matter came before me today for a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(b)(1). The supervised releasee was represented by counsel. On the basis of the evidence presented, I find probable cause to believe that the supervised releasee has violated the condition of her supervised release described in the petition for revocation of supervised release (Docket No. 52). Accordingly, I **FIND** probable cause to hold the supervised releasee for a revocation hearing.

A release hearing was held at O'Leary's request for the purpose of determining whether she is eligible for release pending the revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6). The standards governing release in these circumstances are those prescribed in 18 U.S.C. § 3143(a). *Id*. Thus, O'Leary is entitled to be released if she establishes, by clear and convincing evidence, that she is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

O'Leary was placed on supervised release on May 5, 2006 following her release from a term of imprisonment imposed in September 2004 upon her conviction in this court for distribution of 5 or more grams of cocaine base. There is probable cause to believe, based on the allegations contained in

1

the revocation petition, that O'Leary has a serious, continuing drug habit. Specifically, in the brief time since her release from prison she has, on several occasions, tested positive for, and in many instances admitted to the use of, cocaine and marijuana. Moreover, on three occasions she failed to provide a urine specimen when she reported to the U.S. Probation Office for drug testing. On a number of occasions when she was present at the U.S. Probation Office her speech was slurred, her gross motor skills were impaired and she had a hard time staying awake. On three other occasions she failed altogether to report, as required, for drug testing.[1] I infer from those failures, viewed in the full context of her illegal drug use during the period of her supervised release, that the reason she failed to appear was because she knew she would test positive for controlled substances. O'Leary has not shown that she has financial resources derived from legitimate sources of income with which to obtain these controlled substances, and none is apparent from the record. At the least, her unlawful use of controlled substances helps to maintain a market that fosters a continuation of illegal drug supply and use which remain a scourge on the community.

On this record, and given the nature of the offending conduct underlying the petition for revocation, I can only conclude that O'Leary has failed to establish by clear and convincing evidence that she is not likely to pose a danger to the safety of the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The supervised releasee is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The supervised

---

[1] O'Leary testified during the hearing that she failed to report for drug testing when she was visiting her mother in New Hampshire at the time of her mother's surgery for colon cancer. U.S. Probation Officer Daniel Kelly testified that he was aware of O'Leary's visit with her mother and excused her from any drug testing during that period. Rather, he testified, the charged failures to appear for drug testing all relate to other time frames. I credit the testimony of Officer Kelly.

releasee shall be afforded a reasonable opportunity for private consultation with her counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the supervised releasee to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

      Dated this 21st day of September, 2006.

                                            /s/ David M. Cohen  
                                            David M. Cohen  
                                            United States Magistrate Judge